WILLIAM A. SEAVER, COLLECTOR, ETC., RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS.

*Municipal corporation — lenity in allowing amendment of its pleading — death of witnesses — not ground for refusal.*

APPEAL by the defendants from an order denying a motion for leave to serve an amended answer.

The action was to recover an alleged balance of $90,337.50, claimed to be due to plaintiff's decedent for regulating, grading, etc., Tenth avenue, alleging among other things, the giving of a certifica:e under chapter 580 of the Laws of 1872.

The defendants' answer contained: (1), a denial that the alleged contract was ever actually made; (2), a statement that the alleged contract was not founded either on sealed bids and proposals or on a precedent resolution of the common council; (3), a denial as to the amount of work, labor and materials furnished by plaintiff, and as to the conformity thereof to the provisions of the alleged contract; (4), an averment that the plaintiff furnished and used inferior materials, and failed to complete his work, * * * and (5), a denial as to the validity of an alleged certificate given by the commissioners under chapter 580, Laws of 1872.

The plaintiff was nonsuited at Circuit on the ground that the statute prescribing the manner in which public work in the city should be contracted for had not been complied with. The judgment was affirmed at General Term. (*Brown* v. *The Mayor*, 1 Hun, 30.)

This decision was overruled by the Court of Appeals, which held that these inherent defects were cured by the provisions of chapter 5 of the Laws of 1871, but declared that the commissioners' certificate was of no importance, as they had never had jurisdiction, and that defendants might still give evidence of fraud, and ordered a new trial.

Thereupon the defendant made a motion for leave to amend the answer by inserting allegations which should present the issue of fraud indicated by the decision of Court of Appeals.

The plaintiff's counsel opposed this application, alleging the death of the original contractor and the late engineer of the department of public works, both of whom, it is claimed, were material witnesses, whose loss could not be replaced.

This motion was thereafter denied.

The court at General Term say: " The denial of the motion seems to have arisen out of the circumstances that the contractor, who was the original plaintiff in the action, and the engineer of the Croton Aqueduct department, who had the charge and supervision of the work, are both deceased; but, if the contract was fraudulently obtained, or the work fraudulently performed, the public should not for that reason be compelled to bear the burthens of the fraud. It may be unfortunate for the plaintiff's case to some extent, but injustice on that account should not be allowed to be done to the defendant. Public interests, unfortunately, are not as sedulously guarded or as thoroughly protected as those affecting individuals, and the most stringent rules of practice cannot for that reason be applied to the litigation involving them; more lenity is required concerning them, for the purpose of avoiding the improper enhancement of public burthens by the allowance of demands having no just foundation."

*Francis Lynde Stetson*, for the appellants. *John E. Devlin*, for the respondent.

Opinion by DANIELS, J. DAVIS, P. J., and BRADY, J., concurred.

Order reversed, without costs of appeal, allowing the defendant to amend its answer in the manner proposed, upon paying the costs since the present answer was served.